UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MPOWER COMMUNICATIONS CORP.,

                        Plaintiff,

                                                      DECISION AND ORDER

                                                      03-CV-6214L

                        v.

VOIPLD. COM, INC., PARADYME
MORTGAGE, d/b/a VOIPLD.COM, INC.,
ZACK YASS, a/k/a ZAHI YASEEN,

                        Defendants.
_____

       Plaintiff, MPower Communications Corp. ("MPower") entered into several contracts with defendants in 2002 to provide local exchange telephone and telecommunication services. These contracts contained explicit terms and conditions and also referenced supplemental terms and conditions which were contained on MPower's website (Ex. 2).[1]

       In early April 2003, MPower disconnected service to defendants for several reasons. First, defendants were in default in making monthly payments on the several contracts. In addition, there was ample evidence that defendants had abused the system by engaging in a practice called "stripping the ani." Ronald J. Teeters, Vice-President for Marketing at MPower described this practice as fraudulently hiding the actual origin of a telephone call, especially international calls, to

---

[1] "Ex." denotes the sixteen documentary exhibits introduced at the hearing on May 2, 2005.

avoid costs for such connections. When defendants were advised of this fraudulent practice, and failed to take steps to rectify such activity, MPower disconnected service.

Entry of default by the Clerk was entered against defendants Voipld.Com, Inc. and Paradyme Mortgage on February 17, 2005, and a similar default was entered against defendant Zack Yass on April 22, 2005.

The Court conducted an inquest on damages at a hearing on May 2, 2005. The Court heard testimony from Teeters and received numerous exhibits, including the original contracts and invoices for services.

I credit the testimony received and find that plaintiff is entitled to recover judgment against the three defendants and that the sums requested are reasonable and appropriate based on the contracts and addenda to the contracts. Those documents establish the applicable tariffs and rates as well as the applicable late fees and penalty provisions for early termination of the contracts.

## CONCLUSION

Having considered the pleadings, evidence and issues presented in this matter, it is

ORDERED that the plaintiff Mpower Communications Corp. is entitled to judgment against the defaulting defendants as follows:

(1) from defendant VOIPLD.Com, Inc., judgment in the amount of $839,286.30;

(2) from defendant Paradyme Mortgage (a/k/a Paradyme Mortgage), judgment in the amount of $513,709.85; and

(3) from defendant Zack Yass (a/k/a Zahi Yaseen a/k/a Zahi Yasseen), judgment in the amount of $276,545.61;

All with post-judgment interest thereon and plaintiff's costs of action.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 3, 2005.